DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. A jury found Linda L. Muenick, defendant below and appellant herein, guilty of the conveyance of contraband onto detention facility grounds in violation of R.C. 2921.36(A)(2). Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 SECOND ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL PERFORMED INEFFECTIVELY IN HIS FAILURE TO OBJECT TO THE TESTIMONY OF MOHAMMED YAKUBA AND OTHERS AS TO ROBERT MUENICK'S BEHAVIOR AT THE PRISON."
 {¶ 2} Appellant is a former corrections officer with many years of experience in that profession. She briefly dated Robert Muenick in the 1970s, but eventually discontinued the relationship. Their paths crossed again in 1995 when appellant, a guard at the Orient Correctional Facility (Orient), met Muenick while he received treatment at the Ohio State University Hospital.[2] They soon married and appellant resigned from her employment at Orient.[3]
 {¶ 3} On October 20, 2007, appellant arrived at the Pickaway Correctional Institute (PCI) to visit her husband. She passed through the security entrance and met Lieutenant Scott Thompson and Ohio State Highway Patrol Trooper Archie Spradlin. Authorities had been tipped-off that appellant was transporting contraband into the facility. The officers asked appellant to follow them to another room where a female corrections officer was summoned to perform a search. Appellant surrendered duct-taped bundles of marijuana and a balloon that contained ten hydocodone tablets. An *Page 3 
additional marijuana bundle was found during a search of appellant's car.[4]
 {¶ 4} The Pickaway County Grand Jury returned an indictment charging appellant with the conveyance of drugs onto correctional facility grounds. At trial, no question existed in the case that appellant brought the drugs into PCI. In her defense, however, she argued that she acted under "duress" because other prison inmates brutalized and threatened her husband in an effort to secure her cooperation with their plans.[5]
 {¶ 5} The jury was unswayed by appellant's version of the events and returned a guilty verdict. Subsequently, the trial court sentenced appellant to serve four years in prison. This appeal followed.
 I {¶ 6} Appellant asserts in her first assignment of error that her conviction is against the manifest weight of the evidence. In reviewing a claim that a verdict is against the manifest weight of the evidence, an appellate court may not reverse the conviction unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Earle (1997), 120 Ohio App.3d 457, 473,698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814; State v. Bowers, Hocking App. No. 06CA7, 2007-Ohio-3986, at ¶ 38. *Page 4 
 {¶ 7} The gist of appellant's argument is not that the jury incorrectly concluded that she brought contraband into PCI, but rather that the jury should have accepted her "duress" defense. We are not persuaded.
 {¶ 8} In the case sub judice, the evidence adduced at trial to support appellant's duress defense consisted of appellant's own testimony. Apparently the jury determined that appellant's defense of "duress" was not credible. Moreover, Trooper Spradlin testified that in his experience, approximately "seventy percent" of the people that he has arrested for this kind of offense make a similar "duress" claim. Lieutenant Thompson testified that he was not aware of any complaints that Muenick may have made regarding threats from other inmates. Also, Thompson listened in on some of appellant's phone calls to Muenick and never heard Muenick comment on any threat. Mohammed Yakubu, Institutional Inspector at PCI, related that Muenick had, in fact, filed a previous grievance when some of his property was stolen, but had never filed a grievance that alleged a threat to his person by another inmate.
 {¶ 9} Concerning Muenick's declining health, which appellant said made him particularly vulnerable to other inmates, Trooper Spradlin related that he visited Meunick as part of his investigation of this case and that Meunick maneuvered quite well in his wheelchair. So much so, Trooper Spradlin stated, that he witnessed Meunick "popped a little wheelie" as he went down the hallway. This, too, tends to contradict appellant's claim that her husband's weakened condition exposed him to threats at the institution. *Page 5 
 {¶ 10} Generally, the weight of evidence and witness credibility are matters for the trier of fact. Here, the jury, the trier of fact, heard her explanation of the events, but apparently rejected her claims. SeeState v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v.Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. The jury, as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80. The trier of fact is entrusted to make those decisions because it is in a much better position than courts of review to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to assess witness credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Thus, appellate courts should not second guess a jury's decision on questions of evidentiary weight and witness credibility. SeeState v. Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at ¶ 10;State v. Baker (Sep. 4, 2001), Washington App. No. 00CA9.
 {¶ 11} In light of all the evidence adduced at trial, we find no manifest miscarriage of justice in the jury's rejection of appellant's "duress" claim. As the trier of fact, the jury could accept or reject the testimony of any witness who testified before it. Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 12} Appellant asserts in her second assignment of error that she received ineffective assistance from her trial counsel because counsel did not object to the rebuttal evidence presented to counter her duress evidence. *Page 6 
 {¶ 13} Our analysis begins with the premise that criminal defendants have a right to counsel, including a right to the effective assistance from counsel. See McCann v. Richardson (1970), 397 U.S. 759, 770,90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Stout, Gallia App. No. 07CA5,2008-Ohio-1366. To establish constitutionally ineffective assistance of counsel, a defendant must prove that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. See Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904;State v. Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916. To establish a deficient performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. State v. Conway, 109 Ohio St.3d 412, 848 N.E.2d 810,2006-Ohio-2815, at ¶ 95. A failure to establish either element in this test is fatal to the claim. See State v. Jones, Scioto App. No. 06CA3116, 2008-Ohio-968, at ¶ 14. Thus, if one element is dispositive, a court need not analyze both elements. See State v. Madrigal (2000),87 Ohio St.3d 378, 389, 721 N.E.2d 52. In the case sub judice, appellant has not persuaded us that she has satisfied either element.
 {¶ 14} Appellant argues that the rebuttal evidence was irrelevant because it did not go to her state of mind and the "duress" that she felt. Instead, the evidence focused on her husband's state of mind and unfairly called her credibility into question. Here, however, appellant based her duress claim on the information that her husband allegedly conveyed to her. If no threat existed, or if Muenick was not medically *Page 7 
weakened as appellant told the jury, this involved both her state of mind and her credibility. Moreover, Lieutenant Thompson testified about the phone calls that he monitored and that Muenick did not tell his wife about any threats.
 {¶ 15} In short, we believe that the rebuttal evidence was relevant and trial counsel was not ineffective for failing to object to this evidence. Accordingly, we hereby overrule appellant's second assignment of error.
 {¶ 16} Having reviewed all errors assigned and argued in the brief, and finding merit in neither of them, the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. McFarland, J.: Concur in Judgment Opinion
[2] The Ohio Department of Rehabilitation and Correction website shows that Muenick has been a prisoner in the Ohio penal system since 1984.
[3] Appellant also related that her husband suffers from Multiple Sclerosis as well as other medical problems and has been in declining health for years. She continued that he expressed concern that he would be buried in "potters field" once he died and wanted appellant to make sure that this did not happen. Appellant explained that marriage appeared to be the only way to claim his body after his death.
[4] Appellant testified that she intended to drop this bundle of marijuana at some location on the prison perimeter where another inmate could retrieve it.
[5] Appellant claimed that prisoners had approached her and her husband to bring drugs into the facility for some time, but that she had always refrained until this particular occasion.
 *Page 1